UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN ANDRES DIEGO PABLO,

       Petitioner,

   v.

Case No. 2:26-cv-1178-KCD-NPM

ATTORNEY GENERAL TODD
BLANCHE, SECRETARY
MARKWAYNE MULLIN,
HOMELAND SECURITY (DHS);
DIRECTOR TODD LYONS, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT; DIRECTOR
GARRETT RIPA, MIAMI FIELD
OFFICE; AND WARDEN DAVID
HARDIN, GLADES COUNTY
DETENTION CENTER;

       Respondents,

## **ORDER**

Not long ago, this Court granted Juan Andres Diego Pablo's habeas petition and ordered the Government to provide him with an individualized bond hearing under 8 U.S.C. § 1226(a). (Doc. 9.)[1] The Government did exactly that. On May 19, 2026, an immigration judge conducted the hearing but denied bond, concluding that Pablo poses a flight risk. Dissatisfied with that outcome, Pablo filed a "Request to Enforce TRO," which this Court construes

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

as a motion to enforce the judgment because a TRO was never entered here. (Doc. 10.)

Pablo does not deny receiving a bond hearing. Instead, he claims the proceeding was constitutionally deficient because the immigration judge reached the wrong conclusion. (*Id.* at 2 ("[T]he Immigration Judge failed to provide a constitutionally adequate bond hearing because it summarily denied bond . . . without providing a reasoned consideration of all the factors relevant to whether Petitioner is a flight risk."). But here is the problem: this is not an immigration court of appeals. Congress could not have been clearer when it wrote 8 U.S.C. § 1226(e), explicitly stripping federal courts of authority to review "a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding [an alien's] detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). As the Supreme Court explained in *Jennings*, this provision closes the door on judicial review of the executive branch's discretionary detention choices. *Id.* at 295. While federal courts may retain a narrow window to review colorable constitutional, a litigant cannot bypass that boundary simply by slapping a due process label on what is fundamentally a standard factual grievance. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024) ("[T]his Court does not have jurisdiction to review the decision of the immigration judge to deny Petitioner bond[.]").

Stripped of its constitutional dressing, Pablo's motion is an explicit invitation for this Court to reweigh the evidence presented to the immigration judge and reach a different conclusion. He argues at length that the immigration judge placed too much weight on his lack of property, his non-familial sponsor, and a prior pretermission ruling, while giving short shrift to his family ties and community support. (Doc. 10 at 2-5.) Yet that is precisely the kind of factual second-guessing that § 1226(e) forbids. An immigration judge does not violate the Fifth Amendment simply by weighing the relevant factors and concluding that the risks outweigh the equities. This Court's job was to ensure that Pablo received the required statutory process, not to guarantee him a winning outcome. Because he received that process, his remedy for any perceived error lies with an appeal to the Board of Immigration Appeals, not a motion to enforce here. *See, e.g.*, *Chox v. Hardin*, No. 2:26-cv-165-JES-DNF, Doc. 17 at 2 (M.D. Fla. Mar. 24, 2026).

Finally, Pablo argues that his hearing was fundamentally unfair because systemic political pressure has allegedly tainted the immigration court system. (Doc. 10 at 5.) But this broad indictment is entirely conclusory. He offers no legal analysis or evidence of actual, individualized bias by the presiding immigration judge in his case. He simply points to general media reports and claims the entire process is corrupted. The Court declines to hunt for (or construct) a colorable constitutional claim out of generalized political

3

grievances. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (explaining a district court does not have "license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action").

This Court has completed its role by ensuring that Pablo received the required statutory process. It cannot further act as an appellate court for discretionary immigration rulings. Accordingly, Pablo's motion (Doc. 10) is **DENIED**.

**ORDERED** in Fort Myers, Florida on June 16, 2026.

Kyle C. Dudek
United States District Judge